# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                           )<br>                        Plaintiff,         )<br>                                                           )<br>vs.                                                    )<br>                                                           )<br>                                                           )<br>CHARLES GENSEMER,                    )<br>                                                           )<br>                        Defendant.      )<br>_____) | Case No. 2:07-cr-00145-KJD-PAL<br><br>**REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn to Suppress - Dkt. #743) |

This matter is before the court on Defendant Charles Gensemer's Motion to Suppress Evidence (Dkt. #409), which was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-3 and IB 1-4. The court has considered the Motion and the government's Response (Dkt. #791).

The Motion seeks to suppress evidence recovered from a search warrant issued by Nevada state District Judge Donald Mosley for a residence at 5047 Durante in Las Vegas, Nevada which was executed April 24, 2006 by officers with the Las Vegas Metropolitan Police Department ("LVMPD"). Gensemer argues that the detective who applied for the search warrant failed to identify the two confidential informants who provided information used to support the warrant and failed to provide the issuing judge information concerning their background, criminal history, or any other information that could be used to assess whether the information they provided was reliable. Gensemer argues that with this omission, the warrant lacked probable cause. He requests a Franks hearing to explore whether the affidavit contains intentionally or recklessly false statements or misleading omissions, and if so, whether the affidavit stated probable cause excised of these false statements or misleading omissions.

///

///

The government opposes the motion, pointing out it was not timely filed and is virtually identical to a Motion to Suppress counsel for Gensemer filed challenging an earlier search of a residence at 1420 Helm Street which this court recommended be denied.

The Motion (Dkt. #743) was not timely filed. The deadline for filing pretrial motions was November 14, 2008. See Dkt. ##368, 444. Additionally, the court addressed nearly identical arguments asserted in Gensemer's first Motion to Suppress (Dkt. #409) and entered a Report of Findings and Recommendation (Dkt. #543), recommending the Motion (Dkt. #409) be denied, which the District Judge affirmed and adopted (Dkt. #725). Gensemer did not attach a copy of the challenged search warrant to his Motion so the court cannot assess his claims that the affidavit supporting the warrant lacked probable cause. However, Gensemer's primary argument is that because the affidavit did not identify the confidential informants or provide information about their criminal history and background, the affidavit may contain false statements or misleading omissions.

"When challenging a warrant affidavit pursuant to Franks, the defendant must not only specify which portions are false, but must also furnish affidavits or other reliable documentation in support of his challenge or satisfactorily explain the absence of such supporting documentation." United States v. Fowlie, 24 F,3d 1059, 1066 (9th Cir. 1994) (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)). Gensemer's speculation that the affidavit may contain false statements or misleading omissions does not meet this burden.

Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that Defendant Charles Gensemer's Motion to Suppress Evidence and Request for Evidentiary Hearing on Validity of Search Warrant (Dkt. #743) be **DENIED.**

Dated this 18th day of May, 2009.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE