# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:07-cr-0145-KJD-PAL |
| Plaintiff/Respondent, | **ORDER** |
| v. | |
| CHARLES EDWARD GENSEMER, | |
| Defendant/Petitioner. | |

There are several motions pending before the Court, all of which are related to Charles Edward Gensemer's proposed Motion to Vacate or Correct his Sentence under 28 U.S.C. § 2255. The first is Gensemer's Motion to Extend Time to file his petition (ECF No. 1554). The government responded (ECF No. 1555), but Gensemer did not reply. Next is Gensemer's Motion for Leave to Amend and/or File a supplemental memorandum in support his § 2255 petition (ECF No. 1559). Gensemer attached to that motion his petition to vacate or correct his sentence under 28 U.S.C. § 2255. Although that petition was filed with this Court on February 9, 2017, it was not docketed. To date, the Court has not ordered the government to respond to Gensemer's petition. The remaining motions are Gensemer's requests for documents (ECF Nos. 1563, 1573), status checks (ECF No. 1568), and motions to supplement his proposed petition (ECF Nos. 1574, 1579).

Charles Edward Gensemer is currently serving a 420-month total sentence after being convicted under the Racketeer Influenced and Corrupt Organizations Act (RICO) for conspiracy to engage in a corrupt organization, drug conspiracy, and possession of a firearm during a drug trafficking offense. Gensemer's conviction was affirmed on appeal, and he now moves to vacate or correct his sentence under 28 U.S.C. § 2255. During the year after the Ninth Circuit affirmed Gensemer's conviction, Gensemer's detention facility was placed on security lock down twice.

During those lock downs, Gensemer lost access to the prison library, which delayed the preparation of his § 2255 petition. Fearing that he would miss his filing deadline, Gensemer requested a sixty-day extension to file his § 2255 petition (ECF No. 1554). The government opposed the extension, arguing that the Court lacked jurisdiction to preemptively extend the time to file until Gensemer actually filed his motion. Rather than respond, Gensemer drafted a bare-bones version of his motion to vacate and filed it timely. Gensemer now moves for leave to amend his rushed petition and supplement it with the version he had prepared and saved on the prison computer (ECF No. 1579).

The Court has reviewed Gensemer's proposed petition and finds that at least some of his claims relate back to the claims in his original petition. Further, after performing an initial review of Gensemer's remaining claims, the Court finds that it cannot conclude that he is not entitled to the relief he seeks. Accordingly, the Court orders the government to respond to the claims below within thirty days of the entry of this order. Given that those claims involve allegations of ineffective assistance of counsel, the attorney-client privilege in 2:07-0145-KJD-PAL between Charles Gensemer and his former attorney, Ozzie Fumo, shall be deemed waived for all purposes related to Gensemer's § 2255 motion to vacate. Mr. Fumo shall provide the government with affidavits concerning all information known to him relating to the allegations in Gensemer's § 2255 petition within fourteen days of entry of this order.

**I.     Background**

On July 10, 2007, Gensemer and thirteen other alleged Aryan Warriors were indicted for conspiracy to engage in a Racketeer Influenced Corrupt Organization (RICO). The indictment included conspiracy charges, drug offenses, and several violent assaults. See Indictment, ECF No. 1. The government later superseded the indictment to add additional drug and firearm-possession charges. Superseded Indictment, ECF No. 181. Gensemer elected to go to trial, and on July 6, 2009, a jury found him guilty on count one (RICO conspiracy), count ten (drug conspiracy), and count fourteen (possession of a firearm during a drug trafficking offense). Judgment 1, ECF No. 1211. In December of 2009, Gensemer was sentenced to 240 months on count one, 360 months on count ten, and 60 months on count fourteen. Gensemer's 240-month

and 360-month sentences run concurrently, while his 60-month sentence runs consecutively. His total term of incarceration is 420 months. Id. Following his sentencing, Gensemer was assigned to FCC Pollock, a correctional institution in Pollock, Louisiana.

Gensemer timely appealed, and the Ninth Circuit affirmed his conviction. See Order Affirming Conviction, ECF No. 486; United States v. Wallis, No. 09-10502, 630 Fed. Appx. 664 (9th Cir. Nov. 6, 2015). The Ninth Circuit issued its order affirming Gensemer's conviction on November 6, 2015. Gensemer did not petition the Supreme Court for certiorari, which finalized his direct appeal. Gensemer then began preparing a collateral attack on his conviction under 28 U.S.C. § 2255. According to Gensemer, his deadline to file was February 5, 2017. Mot. to Extend 2, ECF No. 1554. However, two institutional lock downs at FCC Pollock interrupted his preparation. The first lock down occurred in July of 2016. From July 23, 2016 until August 8, 2016, Gensemer was under "Institutional Lock-down for security precautions." Id. at 4. During that time, Gensemer was unable to leave his cell and lost access to the library, making it difficult to prepare his petition. About two weeks before Gensemer's deadline, the institution was again placed on lock down after inmates attacked a prison guard. That lock down began January 26, 2017 and was apparently still in effect on February 9, 2017. Mot. Leave to File, ECF No. 1559 Ex. A, B.

Gensemer requested a sixty-day extension to file his § 2255 petition on January 24, 2017. Mot. to Extend, ECF No. 1554. He argued that the lock downs were out of his control and that he was unsure how long his access to prison legal resources would be interrupted. Id. at 2. The government opposed the extension. It argued that the Court lacked jurisdiction to extend the deadline until Gensemer actually filed a petition. Resp. to Mot. to Extend 1–2, ECF No. 1555. Rather than reply to the government, Gensemer requested leave to file his § 2255 petition and attached a handwritten motion to vacate or correct sentence to his motion. See Mot. for Leave to File, ECF No. 1559. Gensemer signed the proposed petition on February 5, 2017, and placed it in the prison mail system. The Court received the petition and filed it on February 9, 2017. However, because Gensemer attached his § 2255 petition to his motion for leave to amend (ECF No. 1559), the petition was not docketed, and a corresponding civil case was not opened.

After filing his handwritten § 2255 petition, Gensemer moved to extend time to submit his supplemental brief that was presumably saved on the prison computer. ECF No. 1574. Gensemer finally submitted his supplement on August 14, 2017 as part of a Motion to Submit Attached Count/Ground One Supplement and Additional 2255 and Additional Counts/Grounds to the Already Filed 2255 Petition. ECF No. 1579. Although styled as a motion to supplement, Gensemer's motion is better evaluated as a motion to amend his original § 2255 petition, and the Court elects to treat it as such.

## II. Legal Standard

A defendant in federal custody may challenge a conviction that "was imposed in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

Because a § 2255 petitioner has already pursued—and lost—a direct appeal, the Court assumes that the conviction is valid. For that reason, the government need not respond to the petition until ordered to do so. United States v. Boniface, 601 F.2d 390, 392 (9th Cir. 1979). The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982). As always, the Court construes pro se pleadings liberally and in the petitioner's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, the pro se party is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

## III. Analysis

Despite the security lock downs at FCC Pollock, Gensemer managed to draft and timely

file a § 2255 petition.[1] Although that handwritten petition does not include the thorough legal analysis that Gensemer wished, it did list four causes of action and the basic factual and legal bases for each. Gensemer's proposed supplement, on the other hand, is indisputably untimely. Gensemer filed that petition nearly six months after the deadline to do so. However, Gensemer's proposed amendment may survive if its claims relate back to the timely filed petition.

## A. Gensemer's Motion to Amend his Original Petition

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposed a statute of limitations on habeas petitions that did not previously exist. The purpose of the Act was to "eliminate delays in the federal habeas review process." Holland v. Florida, 560 U.S. 631, 648 (2010). For prisoners in federal custody, 28 U.S.C. § 2255 imposes a one-year statute of limitations from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 524 (2003). The date a judgment of conviction becomes final is somewhat of a moving target because the defendant has multiple options following the judgment of conviction in the trial court. Where, as here, the defendant loses his direct appeal but does not pursue Supreme Court review, his conviction becomes final when the time for seeking certiorari expires. That is ninety days after the conviction is affirmed. United States v. Winkles, 795 F.3d 1134, 1136 n.1 (9th Cir. 2015).

The Ninth Circuit affirmed Gensemer's conviction on November 6, 2015. He had until February 5, 2016 to petition for certiorari, which he did not do. Thus, Gensemer' one-year clock started on February 5, 2016. The clock stopped on February 5, 2017, which was a Sunday. Accordingly, Monday, February 6, 2017, was the last day to timely file his petition under § 2255. See Fed. R. Civ. P. 6(a)(1)(C). For in-custody defendants, their petition is deemed filed when it is delivered to prison staff to be forwarded to the Court Clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Gensemer signed his petition and affirmed that he delivered it for filing on February 5, 2017. Therefore, Gensemer's handwritten petition was timely.

Gensemer's supplemental petition, on the other hand, was filed on August 14, 2017, more

---

[1] The Court is aware of Gensemer's first Motion to Extend Time (ECF No. 1554). However, even if the Court had jurisdiction to decide that motion (see United States v. Leon, 203 F.3d 162 (2d Cir. 2000)), Gensemer rendered that motion moot when he filed a timely § 2255 petition (ECF No. 1559).

than six months after the deadline to file. That petition is untimely, and the Court will not consider its allegations unless they relate back to his original petition. The Court applies the Federal Rules of Civil Procedure to habeas petitions so long as those rules do not conflict with any statutory provisions or other congressionally implemented habeas rules. See Rules Governing § 2255 Proceedings, R. 12, 28 U.S.C. § 2255 (applying the Federal Rules of Civil Procedure to § 2255 proceedings). Rule 15 of the Rules of Civil Procedure governs pleading amendments and "applies to habeas petitions with the same force that it applies to garden-variety civil cases." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001) (internal quotation marks omitted); 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). An amended petition relates back if its claims arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Given AEDPA's intent to streamline habeas proceedings, the Court narrowly interprets what constitutes the petition's underlying transaction or occurrence. Mayle v. Felix, 545 U.S. 644, 662–63 (2005). A new claim does not relate back to the original petition merely because it arises out of the same trial, conviction, or sentence. Id. at 662–64. Indeed, such a rule would allow any amendment to a collateral attack and effectively "obliterate" the statute of limitations. Id. at 659. Rather, the new claim must involve a common core of operative facts of the same "time and type" set out in the original petition. Id. at 650. At bottom, the new claim relates back when the original petition provides an "aggregation of facts from which" the new claim arises. Ross v. Williams, 896 F.3d 958, 964 (9th Cir. 2018). However, if the new claim requires the movant to plead facts aside from those pleaded in the original petition, the amendment does not relate back. Id.

Gensemer brought four claims in his initial petition: (1) a double jeopardy challenge under the Fifth Amendment to his conviction in counts one and ten, which he claims are essentially the same conspiracy; (2) a Sixth Amendment claim of ineffective assistance of counsel for his counsel's handling of a potential global plea arrangement; (3) a Fifth Amendment due process challenge to the Court's career offender determination; and (4) a Sixth Amendment

ineffective assistance of counsel claim that challenges various aspects of counsel's performance during his pre-trial, trial, and appellate proceedings. ECF No. 1559 Ex. 1. Gensemer's proposed amendment brings ten claims. However, the additional claims may still relate back if they arise out of the same transaction or occurrence as the original four claims. The Court will compare each new ground for relief with the allegations of the original petition to determine whether the new claims relate back.

### 1. Ground One in the Amended Petition

Gensemer's first claim, and the claim to which he dedicates the majority of his motion, is an alleged double jeopardy violation under counts one and ten of the indictment. Proposed Petition 3, ECF No. 1579 ("Proposed Pet."). Gensemer argues that the government violated the Fifth Amendment's double jeopardy clause when it charged him with conspiracy to engage in a corrupt organization (count one of the indictment) and conspiracy to distribute methamphetamine (count ten of the indictment). Both Gensemer's original petition and his proposed amendment state this claim. The proposed amendment only differs in the depth of legal reasoning it includes. Because the two claims are functionally identical, Gensemer's first claim relates back and may proceed.

### 2. Ground Two in the Amended Petition

Gensemer's second ground for relief is titled "prosecutorial misconduct." Proposed Pet. at 29. Gensemer alleges that his trial counsel misled him about the availability of a plea agreement during the plea negotiation stage. Gensemer claims that he expressed to counsel his desire to avoid trial. Had he known of a potential plea deal, Gensemer argues, he would have accepted it. The duty to provide adequate assistance of counsel applies during the plea negotiation stage just as it does at trial. See Lafler v. Cooper, 566 U.S. 156, 174 (2012). Where counsel's deficient performance prevents the defendant from accepting a plea deal, the defendant may have a claim for ineffective assistance. Id.

Here, Gensemer alleged in both his original petition and in his proposed amendment that he wished to avoid trial but was never made aware of a plea offer from the government. Proposed Pet. at 27–28. Because Gensemer's proposed amendment brings the same claim as his

original petition, it relates back. Further, if Gensemer's allegations are true, it is possible that he could prove his ineffective assistance of counsel claim. Therefore, ground two may proceed.

### 3. Ground Three in the Amended Petition

Next is an ineffective assistance of counsel challenge under the Sixth Amendment. Proposed Petition at 29. Here, Gensemer claims that his counsel rendered ineffective assistance of counsel by failing to challenge the Court's determination that Gensemer was a Career Offender under the sentencing guidelines. Gensemer continues that the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), determined that his prior burglary conviction was not a crime of violence, thereby invalidating the sentencing enhancement. This claim is also functionally identical to the third claim in Gensemer's original petition. Therefore, it relates back.

Although the claim relates back, it fails because the Supreme Court has since decided that, unlike <u>Johnson</u>'s residual clause, "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2017). Because those guidelines are by definition advisory, they merely guide the Court's discretion. <u>Id.</u> at 892. As a result, the guidelines' residual clause is not void for vagueness. <u>Id.</u> at 895. Therefore, Gensemer cannot recover on this basis, and the Court dismisses ground three of the amended petition.

### 4. Ground Four of the Amended Petition

Gensemer's fourth claim is for judicial misconduct. He alleges that "The courts violated due process, [the] Speedy trial act, and his constitutional rights." Proposed Pet. at 29. This ground for relief does not appear in Gensemer's original petition. Not only does the claim not appear in the first petition, Gensemer does not allege any facts in that petition that the Court violated his constitutional rights. To prevail on this claim, Gensemer would have to prove a set of facts completely separate from his other claims. Therefore, the claim does not relate back, and the Court dismisses ground four of the amended petition.

### 5. Grounds Five through Ten of the Amended Petition

Each of Gensemer's remaining claims are for ineffective assistance of counsel arising

out of Ozzie Fumo's representation during the pre-trial, trial, and appellate proceedings. The Sixth Amendment guarantees more than just the appointment of counsel; it guarantees effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685 (1984) ("[t]hat a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command . . . An accused is entitled to be assisted by an attorney . . . who plays the role necessary to ensure that the trial is fair").[2] Strickland outlines two avenues to prevail on a claim for ineffective assistance of counsel. Gensemer will prevail if he can show either: (1) that the government interfered with his right to counsel or (2) that his counsel failed to provide adequate legal assistance. Strickland, 466 U.S. at 686.

Gensemer does not claim that the government interfered with the appointment of his counsel. He claims that the attorneys he did receive failed to provide an adequate defense. So, Gensemer is left with Strickland's second prong and must show deficient representation *and* prejudice. At bottom, Gensemer must show that his attorney committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment" and that those errors prejudiced the outcome of his trial or appeal. See id. at 687. This is an objective analysis that examines the attorney's behavior compared to "prevailing professional norms." Id. at 688. The Court is "highly deferential" in its evaluation of trial counsel. Id. at 689. While hindsight may tempt the Court to critique counsel's performance after the fact, the Court must presume that counsel's performance was solid trial strategy. Id.

Gensemer brought a global ineffective assistance of counsel claim in his original petition. It was titled, "Ineffective Assistance of Counsel (6th amendment)." ECF No. 1559 Ex 1. at 8. In the supporting-facts section, Gensemer claimed a laundry list of apparent failures:

> Failure to: Investigate, move for suppression, trial ineffectiveness, conflicts affecting plea, misadvice [sic] concerning plea, sentencing ineffectiveness, failure to properly challenge career offender amendment, failure to consult client about appeal, appellate brief inadequate, failure to raise issue on appeal, failure

---

[2] Although Strickland encountered an ineffective assistance of counsel claim at a capital sentencing proceeding, its two-prong test also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985).

>            to seek certiorari, failure to notify [opportunity] for open plea,
>            failure to subpoena defense witness, General ineffectiveness.

<u>Id.</u> Gensemer's proposed petition touches on some of those grievances and ignores the rest. However, the Court will broadly the construe that list of shortcomings as notice of his intent to plead those claims in his proposed amendment.

In ground five, Gensemer argues that trial counsel was ineffective because he failed to argue that use of the 2007 sentencing guidelines violated Gensemer's constitutional rights. Proposed Pet. at 30. Basically, Gensemer argues that because his conspiracy began in 1990, he should have been sentenced under the 1990-version of the sentencing guidelines. The only possible allegation in Gensemer's original petition that could support relation back is that he experienced "sentencing ineffectiveness." Original Pet. at 8. However, that blanket statement does not indicate that counsel's perceived ineffectiveness included the sentencing guidelines in place at the time of Gensemer's sentencing. Therefore, ground five does not relate back.

Even if ground five related back, Gensemer has not pleaded facts to support his claim. It is true that amendments to the sentencing guidelines that impose a harsher penalty than the prior guidelines may constitute ex post facto laws. <u>See</u> <u>Peugh v. United States</u>, 569 U.S. 530, 533 (2013). But here, Gensemer has not pleaded facts that the prior version of the guidelines would have resulted in a more lenient sentence. Similarly, there is no evidence that Gensemer's conspiracy was not ongoing well after the implementation of the 2007 sentencing guidelines, making them perfectly appropriate for use at his sentencing. It is clear from the face of Gensemer's supplemental petition that he cannot prevail on this claim. Therefore, the Court dismisses Gensemer's claim for ineffective assistance of counsel based on the Court's use of the 2007 version of the sentencing guidelines.

Ground six of the amended petition argues that Gensemer's trial counsel was ineffective because he refused to contest the Court's requirement that Gensemer be shackled during trial. Proposed Pet. at 30. This claim fails for the same reasons as ground five; it does not relate back and is not plausible on its face. Again, the only possible claim to which this allegation could relate back is the blanket assertion that Gensemer suffered "Trial ineffectiveness." Original Pet.

at 8. There is no mention of being shackled in Gensemer's first petition and no allegation that Gensemer was prejudiced because of that. As a result, Gensemer's claim does not relate back and is untimely.

Like ground five, even if ground six related back, it would still fail. A brief review of the docket reveals that although Mr. Fumo did not move to allow Gensemer to remain unshackled in the courtroom, the Court heard argument on the issue and still elected to restrain the defendants. During calendar call on May 12, 2009, Chris Rasmussen, counsel for Gensemer's co-defendant, requested leave to file a brief requesting that each defendant be unshackled in the jury's presence. Transcript 18, ECF No. 1269. The Court advised the defendants that it would defer to the United States Marshals' recommendation on whether a defendant should be shackled in the courtroom and ordered Mr. Rasmussen to file the brief that day. Id. at 19. Mr. Rasmussen subsequently moved to have the defendants unshackled, but Gensemer did not join the motion. See ECF No. 816. The Court considered the motion and denied it.

Mr. Fumo's refusal to join that motion or file his own did not prejudice Gensemer because the Court considered the arguments against restraint and rejected them. See Order, ECF No. 830. Gensemer presents no evidence or argument that had Mr. Fumo joined Mr. Rasmussen's motion or filed on his own that the result would be different. It was more likely that Mr. Fumo understood the futility in the request and made the strategic decision not to file the motion. Such tactical decisions are not ineffective assistance. See Harrington v. Richter, 562 U.S. 86, 107 (2011) (counsel is "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies"). Therefore, the Court dismisses ground six as it is untimely and facially unsupported.

In grounds seven and eight, Gensemer argues ineffective assistance of counsel for counsel's failure to adequately defend count fourteen of the indictment (possession of a firearm in the commission of a drug offense). That conviction added sixty months to Gensemer's sentence and is required to run consecutive. His claim is that counsel failed to subpoena or call his girlfriend, Jessica Gonzalez to testify and also failed to present evidence that the firearm belonged to someone else. According to Gensemer, Jessica Gonzalez was the lone witness who

could testify that Gensemer did not own, nor was he aware of the firearm that police found during a search of his residence. Proposed Pet. at 33–36 (had she been allowed to testify, Gonzales would have confirmed that Gensemer "did not have any gun [and] was not aware of any gun in [their] home"). Id. at 35. To make matters worse, Gensemer claims that trial counsel told Gonzalez that it was "because [Gonzalez] failed to testify . . . Charles was convicted and got 35 years in prison." Id.

The Court finds that grounds seven and eight relate back to Gensemer's original petition and that, if true, his allegations could constitute ineffective assistance of counsel. Count four of Gensemer's original petition alleged that his trial counsel was ineffective in part because he "[failed] to subpoena [a] defense witness." Original Pet. at 8. That witness was Jessica Gonzalez. It is possible that Gonzalez could have presented evidence that Gensemer never possessed that firearm had she been called to testify. To be sure, the decision to call or not call a witness typically falls within the strategy goals of the trial lawyer. However, without knowing why counsel refused to subpoena or call Gonzalez—or whether Gonzalez could have exculpated Gensemer—the Court cannot make that determination. Accordingly, grounds seven and eight relate back and may proceed.

Ground nine claims ineffective assistance of counsel at the appellate stage. There, Gensemer argues that counsel failed to consult with him and refused to include his desired arguments in the appellate brief, which was lackluster. Gensemer's original petition classifies this claim as "failure to consult client about appeal" and "failure to raise issue on appeal." Original Pet. at 8. Given that Gensemer included this claim in his original petition, the Court finds that the claim relates back.

However, Gensemer has not shown how counsel's representation on appeal rises to the level of ineffective assistance. At its core, Gensemer's argument reflects his dissatisfaction with counsel's refusal to make the arguments Gensemer wanted him to make. That is not ineffective assistance of counsel. Strickland makes clear that an attorney's decision not to pursue certain arguments is not ineffective assistance of counsel when based upon reasonable and professional judgment. 466 U.S. at 690; see also Evitts v. Lucey, 469 U.S. 387, 394 (1985) (on appeal,

counsel "need not advance *every* argument, regardless of merit, urged by the appellant"). Accordingly, although ground nine relates back, it fails because Gensemer has not alleged facts to support that claim. Therefore, the Court dismisses ground nine.

Finally, in ground ten, Gensemer renews his ineffective assistance of counsel claim from ground two, which claimed his attorney misrepresented or concealed the details of a potential plea offer in violation of his Sixth Amendment right to counsel. To the extent that this claim argues that trial counsel failed to raise the argument, this claim is duplicative and is dismissed. Further, Gensemer admits that his appellate counsel in fact raised "the Lafler challenge" before the Ninth Circuit in a request for rehearing but that the Court rejected the argument. Proposed Pet. at 43. To the extent that Gensemer claims ineffective assistance because his counsel failed to raise the argument at the appellate stage, the claim is dismissed. Therefore, the Court dismisses ground ten.

### B. Gensemer's Remaining Claims and Certificate of Appealability

In all, the Court grants in part and denies in part Gensemer's Motion to Submit Attached Count/Ground One Supplement and Additional 2255 and Additional Counts/Grounds to the Already Filed 2255 Petition (ECF No. 1579). The Court finds that the following grounds for relief relate back and may proceed:

- *Ground One*: Fifth Amendment Double Jeopardy Claim;

- *Ground Two*: Ineffective Assistance of Counsel Regarding Global Plea under Lafler v. Cooper, 566 U.S. 156 (2012); and

- *Grounds Seven and Eight*: Ineffective Assistance of Counsel for Failure to Subpoena Witness or Challenge Firearm Possession.

Gensemer's remaining claims are dismissed. For the dismissed claims, the Court denies a certificate of appealability. A certificate of appealability is only available to a petitioner who has "made a substantial showing" of a constitutional deprivation in his initial § 2255 petition. 28 U.S.C. § 2253(c)(2); Welch v. United States, 136 S.Ct. 1257, 1263 (2016). A petitioner has made such a showing where reasonable judges could disagree whether he has suffered a constitutional deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Gensemer has not made that showing.

The dismissed claims were each either untimely or facially unsupported. As a result, reasonable judges would not disagree as to their sufficiency.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Charles Edward Gensemer's Motion to Submit Attached Count/Ground One Supplement, which the Court construes as a Motion to Amend his § 2255 petition (ECF No. 1579) is **GRANTED in part and DENIED in part**. The Court **DENIES** a certificate of appealability on Gensemer's dismissed claims.

The Clerk of the Court is directed to detach Gensemer's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Exhibit B to ECF No. 1559) and file that motion as the operative motion in this case. The Clerk is also directed to file Gensemer's supplement to his Motion to Vacate, which is filed as ECF No. 1579 as an Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that the attorney-client privilege in 2:07-cr-0145-KJD-PAL between Charles Gensemer and his attorney, Ozzie Fumo, shall be deemed waived for all purposes related to Gensemer's § 2255 motion to vacate. Former counsel, Mr. Fumo, shall, within fourteen days of entry of this order, provide the government with an affidavit concerning all information known to him relating to the allegations in Gensemer's § 2255 petition.

IT IS FURTHER ORDERED that the government shall respond to Gensemer's petition within thirty-days of the entry of this order. Gensemer may reply to the government's response within twenty-one days of its entry.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail Gensemer a copy of his supplemental § 2255 petition (ECF No. 1579).

All remaining motions are **DENIED AS MOOT**.

Dated this 28th day of October, 2019.

_____
Kent J. Dawson
United States District Judge